UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MOUHAMED BACSIRU, | ) Case No. 4:17CV2683 |
| Petitioner, | ) |
| | ) JUDGE JAMES GWIN |
| v. | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, | ) |
| Respondent. | ) REPORT AND |
| | ) <u>RECOMMENDATION</u> |

Mouhamed Bacsiru ("Bacsiru") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2). At the time of the filing, the petitioner was in the custody of the Northeast Ohio Correctional Center, being held on an immigration charge. (R. 1, PageID #: 1.) Bacsiru's petition does not challenge his remand order, but rather the length of his detention, and indicates he is ready to leave the United States. *Id.* at PageID #: 1-2, 8.

Bacsiru sought to enter the United States seeking asylum, and was taken into custody upon entry, on January 8, 2017. (R. 1, PageID #: 5; R. 9-1, PageID #: 27.) U.S. Citizenship and Immigration Services ("USCIS") reviewed Bacsiru's request for asylum or withholding of removal under the Convention against Torture, and concluded he did not have a credible fear of persecution or torture if

removed to Ghana. (R. 9-2, DX A, Koval decl., PageID #: 33, ¶ 4.) An immigration judge reviewed the USCIS decision, affirmed the decision denying the request for asylum, and remanded the case for the removal of the petitioner. (R. 9-2, Koval decl., exh. 3, PageID #: 38.)

On March 12, 2018, Immigration and Customs Enforcement ("ICE") removed Bacsiru from the United States to Ghana via a charter flight. (R. 9-2, Koval decl., exh. 4, PageID #: 39.) Currently before the court is respondent's motion to dismiss for lack of jurisdiction. (R. 9.)

A writ of habeas corpus under Section 2241 is unavailable unless the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." *Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001) (quoting 28 U.S.C. § 2241(c)(3).) A district court lacks jurisdiction over a petition for a writ of habeas corpus pursuant to Section 2241 if the petitioner is no longer in government custody. *Prieto v. Gluch*, 913 F.2d 1159, 1162-1163 (6th Cir. 1990), *cert. denied,* 498 U.S. 1092 (1991) (citing *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988)). Moreover, a petition challenging the length of one's detention pending removal is rendered moot when the person is actually removed from the United States, because the removal releases the person from government custody. *See, e.g.*, *Enazeh v. Davis*, No. 03-5711, 2004 WL 1791429, at *2 (6th Cir. Aug. 6, 2004); *Haddad v. Ashcroft*, No. 02-2189, 2003 WL 22220524, at *1 (6th Cir. Sept. 23, 2003).

Bacsiru has been removed from the United States. (R. 9-2, Koval decl., exh. 4, PageID #: 39.) Therefore, this court lacks jurisdiction under Section 2241

because the petitioner is no longer in government custody. *Prieto*, 913 F.2d at 1162-1163. In addition, Bacsiru's claim for relief sought his release from detention pending his removal to Ghana. *See generally* R. 1. Because Bacsiru has been removed from the United States, he is no longer in government custody, and the relief sought by his petition for a writ of habeas corpus is moot.[1] *Enazeh*, 2004 WL 1791429, at *2; *Haddad*, 2003 WL 22220524, at *1. The petition should be dismissed.

---

[1] Bacsiru has not established that his case fits either of the narrow exceptions to mootness. *See generally Lane v. Williams*, 455 U.S. 624, 632-633 (1982) (when petitioner, no longer in custody, can establish he will suffer future collateral consequence, or that his case is "capable of repetition, yet evading review").

3

CONCLUSION

The undersigned recommends that the motion to dismiss the petition for lack of jurisdiction (R. 9) be GRANTED, for the reasons set forth above.

s/ David A. Ruiz
David A. Ruiz
United States Magistrate Judge

Date: May 4, 2018

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981).